303 So.2d 668 (1974)
Paul D. FRENCH, Appellant,
v.
Mary L. FRENCH, Appellee.
No. 73-1053.
District Court of Appeal of Florida, Fourth District.
November 29, 1974.
*669 Richard W. Slawson, of Thompson, Tucker & Slawson, West Palm Beach, for appellant.
Gary I. Zwickel and John T. Christiansen of Sales & Christiansen, Palm Beach, for appellee.
KIRKLAND, THOMAS E., Associate Judge:
The Husband appeals the Final Judgment of Dissolution of Marriage, and the Wife cross-appeals.
Appellant's first ground is that the Court erred in ordering the Husband to pay to Wife support for the children of $500.00 per child per month after the children are over 18 years old. The Court Order states:
"The aforesaid payments for the parties' children shall continue so long as either or both remain dependent by reason of attendance as a full time college student at an undergraduate school working towards a Bachelor's Degree."
The parties have two children, and at the time of entry of the Final Judgment, the children were 17 and 18 years old. Now both are over 18 years old. Appellant contends that Section 1.01(14), Florida Statutes, lowers the age of majority to 18 years and that he cannot be required to support children over 18 years old.
Appellee points out that while Section 1.01(14), F.S., does lower the disability of non-age from 21 years to 18 years, the second sentence of Section 2[1] allows the Court to require support beyond 18 years. This portion of the Statute is as follows:
"Provided, however, this act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; ... ."
Appellant, on the other hand, says that attendance at college does not make the children dependent and that there is no evidence to show dependency other than their attendance at college.
We agree with Appellant. Both children are able-bodied, have savings, have worked, and are employable. In addition, the children receive $350.00 a month social security payments until they reach the age of 22 or cease being full time students. They do not become dependent in the eyes of the law because they are in college. See, Carmody v. Carmody, Fla.App. 1970, 230 So.2d 40; Perla v. Perla, Fla. 1952, 58 So.2d 689; and Section 39.01(10), F.S.
There are many moral obligations both parents have to their children after they become of age, and providing college education when possible may be one of them. However, it is not a legal obligation.
The Appellant's second ground is that the Court erred in directing him to transfer to the Wife those trust funds which he is holding as Trustee for the son and daughter for their education and which they earned while working for him.
Since the children are now over 18 years and are of age of majority, the Appellant should pay the trust monies directly to the children, and we reverse the trial court on this point.
We have reviewed the remaining point of the Appellant in this appeal, and the Appellee's cross-appeal, and find they are without merit.
Reversed in part and affirmed in part and remanded to allow the Circuit Court to determine if alimony payments to Appellee should be revised in view of Appellant's increased ability to pay because of elimination of child support.
Reversed in part; affirmed in part; and remanded.
WALDEN and MAGER, JJ., concur.
NOTES
[1] See Chapter 73-21, Laws of Florida (1973).