311 So.2d 769 (1975)
Thomas C. TODD, Appellant,
v.
Betty H. TODD, Appellee.
No. T-112.
District Court of Appeal of Florida, First District.
March 5, 1975.
Rehearing Denied May 13, 1975.
*770 Julian Bennett of Hilton, Bennett, Logue, Paulk & Burke, Panama City, Rivers Buford, Jr., and Robert J. Vossler of Graham, Buford, Vossler & Schoditsch, Tallahassee, for appellant.
W. Fred Turner, Lynn Haven, for appellee.

CORRECTED OPINION
JOHNSON, Judge.
This appeal is from a final judgment, as amended, dissolving the marriage of the parties herein. The appellant-husband challenges said final judgment as it relates to the restrictions upon appellant's child visitation privileges, the award of the home to appellee as lump sum alimony, the award of permanent periodical alimony to appellee, the award of certain life insurance benefits to appellee and the award of attorney's fees and costs to appellee.
We have heard oral argument in this cause and have carefully examined the record on appeal and the briefs submitted by the parties. Additionally, we have considered the appellant's brief addressing itself to the issue of child support payments after a child has reached the age of majority, said brief being requested by this Court after the date of oral argument, which request appellee chose not to honor. Upon our consideration of the above it is our opinion that the final judgment appealed herein requires modification, as more fully set forth below.
In paragraph 1 of the adjudicatory portion of the final judgment, custody of the two children was awarded to appellee, appellant to have the right to visit them at all reasonable times. However, this paragraph further provides that the daughter may visit appellant at reasonable times and places, "but not in the presence of the said Barbara Phillips." Inasmuch as the former Barbara Phillips has now married appellant, we find no justification, if ever there was one, for this provision in the final decree limiting appellant's visitation rights with his daughter. We thus order the deletion of such restriction.
*771 We turn next to paragraph 2, which requires appellant to pay to appellee the sum of $250.00 per month for the support of the parties' son, Thomas E. Todd, and $150.00 per month for the support of the parties' daughter, Teri Jan Todd. No date was set for the termination of such payments. The son became 18 years of age on February 22, 1971, and the daughter will become 18 years of age in 1979. Chapter 73-21, Laws of Florida, effective July 1, 1973, removed the disabilities of nonage for persons 18 years of age or older and provided that they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older. While section 2 of said Act did not prohibit a court from requiring support for a dependent person beyond the age of 18 years, this Court has previously held that a "dependent person" does not include a mentally and physically able adult offspring who is attending college. White v. White, 296 So.2d 619 (Fla.App. 1st, 1974). Also see French v. French, 303 So.2d 668 (Fla.App. 4th, 1974). This Court also held in the White case, supra, that § 3 of Chapter 73-21, providing that the statute is not to have an impact on obligations existing prior to July 1, 1973, is not applicable where there is nothing in the final judgment requiring payments of support to age 21 or during the attaining of a college education. Also see Dalton v. Dalton, 304 So.2d 511, Opinion filed December 13, 1974 (Fla.App. 4th, 1974). We thus are required to order that paragraph 2 of the final judgment be stricken and that the same be modified so as to delete the provisions requiring child support payments for the parties' son and to insert a termination date for payments on the daughter's behalf; to wit: her eighteenth birthday.
Paragraph 3 of the final judgment awards the marital home, realty and personalty to appellee as lump-sum alimony and periodic alimony in the amount of $300.00 per month. We find no error in the award of alimony, thus same is affirmed.
Finally, we turn to paragraph 5 of the final judgment requiring appellant to make appellee the sole beneficiary of a life insurance policy in the amount of $25,000.00, the same to be kept in full force and effect so long as the award of permanent alimony remains in force. We feel that this provision is erroneous and should be stricken because there is nothing in the record to justify an award of alimony to appellee after appellant's death.
We find no error with regard to paragraphs 4, 5 and 7 pertaining to the car, receipts from the furniture store and the award of attorney's fees for appellee's counsel.
In conclusion we reverse those portions of the final decree discussed above which relate to visitation rights, child support payments and life insurance, and order modification of those provisions in accordance with the holdings and views expressed herein.
The appellee's petition for attorney's fees incident to this appeal is denied.
Reversed and remanded for modification.
RAWLS, C.J., concurs.
McCORD, J., dissents.
McCORD, Judge (dissenting in part).
I agree with the above majority opinion with one exception. I do not agree that in all instances "a `dependent person' does not include a mentally and physically able adult offspring who is attending college". See my dissenting opinion in White v. White, 296 So.2d 619 (1 Fla.App. 1974).

ON PETITION FOR REHEARING
JOHNSON, Judge.
Appellant's petition for rehearing correctly points out an error in our Corrected Opinion dated March 5, 1975. The last *772 paragraph on page 3 is therefore amended by deleting reference to paragraph 5 of the final judgment and substituting in lieu thereof reference to paragraph 6 of the final judgment, so that the sentence should read "We find no error with regard to paragraphs 4, 6 and 7 pertaining to the car, receipts from the furniture store and the award of attorney's fees for appellee's counsel."
We have considered the remaining points contained in the petition for rehearing and find them to be without merit. Except for the change noted above, the petition is therefore denied.
RAWLS, C.J., and McCORD, J., concur.