320 So.2d 483 (1975)
James S. KROGEN, Appellant,
v.
Jean V. KROGEN, Appellee.
No. 74-1374.
District Court of Appeal of Florida, Third District.
October 21, 1975.
*484 Richard H.W. Maloy and Richard J. Burton, Coral Gables, Helen Tanos Hope, Miami, for appellant.
Sinclair, Louis & Siegel, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
BARKDULL, Chief Judge.
By this appeal, the appellant contests several portions of a final judgment dissolving his marriage.
We find no merit to any of his contentions relating to custody, lump sum alimony, awarding of country club membership, etc. Milander v. Milander, Fla.App. 1968, 208 So.2d 876; Goldblatt v. Goldblatt, Fla. App. 1973, 277 So.2d 34; Maroun v. Maroun, Fla.App. 1973, 277 So.2d 572; Ebaugh v. Ebaugh, Fla.App. 1973, 282 So.2d 14; Anderson v. Anderson, Fla.App. 1974, 289 So.2d 463; Linares v. Linares, Fla.App. 1974, 292 So.2d 63; Todd v. Todd, Fla. App. 1975, 311 So.2d 769.
We do find that the support for the children should have ceased at the age of eighteen and, therefore, the award of support for the daughter who is eighteen should be removed and the support for the two minor children should cease when they reach the age of eighteen. These children being otherwise competent, we hold that support ceases upon reaching the age of majority. Perla v. Perla, Fla. 1952, 58 So.2d 689; Fincham v. Levin, Fla.App. 1963, 155 So.2d 883; White v. White, Fla.App. 1974, 296 So.2d 619; French v. French, Fla.App. 1974, 303 So.2d 668; Warren v. Warren, Fla.App. 1974, 306 So.2d 197; Robertson v. Robertson, Fla.App. 1975, 312 So.2d 246; Kowalski v. Kowalski, Fla. App. 1975, 315 So.2d 497. We are particularly impressed by the language used by Judge Boyer in White v. White, supra, wherein the following is found:
* * * * * *
"As stated elsewhere in this opinion the trial judge's order giving rise to this appeal found that since the son was attending college and not employed he was entitled to support from his father, and further `in the court's opinion, is entitled to a college education at the expense of his parents.' It is certainly desirable and laudable for parents to encourage their offspring to get a college education if he or she is college material. However, there are many parents who enjoy complete domestic tranquility but who do not, either from personal choice or inability or otherwise, give their children a college education. The fact that domestic whirlwinds cause a severance of the marriage does not enhance the rights of the children nor alter the obligations of the parents. Certainly if the parents were still married and enjoying domestic harmony a suit would not lie by the child or either parent to require parental support for a college education. *485 Neither may such be accomplished in a dissolution of marriage forum.
"When the legislature, in its infinite wisdom, emancipated 18 year old children, it specifically provided that they enjoy and `suffer' the rights, privileges `and obligations' of persons 21 years of age and older. We find nothing in the act which appears to us to have intended to afford 18 year old adults any bonus rights or privileges not enjoyed by persons over 21 years of age.
"In the case sub judice the harassed father testified that his son had ceased to treat him like a father and that he had essentially lost control of his son. The tightening of parental purse strings is often a very effective cure for such a disease. If the son deserves his father's financial help we would encourage and urge the father, appellant here, to respond. However, inasmuch as the 18 year old adult in the case sub judice is mentally and physically able and has demonstrated his ability to be gainfully employed, and since there was no requirement of support to age 21 nor requirement of support during the attaining of a college education in the orders of the Circuit Court which preceded the effective date of Chapter 73-21, F.S., we do not construe the law as empowering us, or the trial judge, to require the appellant so to do." [emphasis supplied]
* * * * * *
We recognize that there have been several decisions which could be interpreted to the contrary of this ruling. Daugherty v. Daugherty, Fla. 1975, 308 So.2d 24; Finn v. Finn, Fla. 1975, 312 So.2d 726.[1] However, these decisions are also supportable on the proposition that the 1973 statute, reducing the age of majority, was not to be applied retroactively.
Therefore, for the reasons above stated, the final judgment of dissolution here under review be and the same is hereby affirmed, except to the extent modified to eliminate support for the children when they reach the age of eighteen.[2]
Affirmed, as modified.
NOTES
[1] We note that it could be argued that the Supreme Court of Florida, by inference, in this opinion could be said to have declined to follow the reasoning of Judge Boyer in White v. White, supra. However, it is apparent that any determination of the requirement that a father support his emancipated child beyond the age of 18 was because § 743.07, Fla. Stat. was not to be applied retroactively, the final judgment in the White case having been rendered in 1969, some four years before the adoption of the 18 year old statute in 1973.
[2] We think, for the benefit of the bench and bar of this State, this decision should be certified to the Supreme Court of Florida as passing upon a matter of great public interest in that it holds that a parent's obligation to support a child ceases upon the child reaching the age of 18, unless, the child is found to be mentally or physically disabled.