373 So.2d 940 (1979)
Gordon A. GENOE, Appellant,
v.
Violetta GENOE, Appellee.
No. 77-1867.
District Court of Appeal of Florida, Fourth District.
July 25, 1979.
Rehearing Denied August 29, 1979.
*941 Garry M. Glickman of Glickman & Witters, West Palm Beach, for appellant.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellee.
DOWNEY, Chief Judge.
The husband seeks review of a final judgment in a dissolution of marriage proceeding in which the trial court awarded the wife custody, child support, lump sum alimony and interest in certain jointly held securities.
The parties are in their early thirties. Their marriage endured for nine years and produced two children, ages six and two and one-half. The husband is a medical doctor and the wife a certified x-ray technologist. The evidence reflects that the husband earns $150,000 per year gross. He is paid from his professional medical association $8100 net per month. Among his assets are a savings account containing $11,000, $3,000 in mutual funds, a $1,500 equity in a condominium, and several automobiles. The wife has $3,000 in mutual funds and a $1,500 equity in the same condominium.
The final judgment awarded the wife custody of the children, $1,000 per month child support per child, the cost of tuition and testing in private schools for the children, $25,000 lump sum alimony, partition of the condominium and directed the husband, as additional child support, to fund $10,000 per child for their college education. Finally, the judgment awarded the wife one-half the value of jointly held securities which the husband sold prior to trial. The husband contends that all of the foregoing aspects of the judgment, except the partitioning of the condominium, are erroneous.
We find adequate support in the record for the award of custody. Both parents were determined to be fit parents; but the husband contends he is the better of the two because he has more education and greater purchasing power. While these factors are to be considered they are certainly not controlling. The wife is a fit parent and the children are quite young. We agree with the trial judge's conclusion.
The award of one-half of the value of the jointly held securities can also be supported based upon the trial judge's determination of the credibility of witnesses. While admitting *942 the securities had been in joint names, the husband claimed title was mistakenly taken that way by his brokers. They were purchased with his earnings during the marriage. So we do not have the special equity envisioned by Ball[1] where the consideration for the property was supplied by one spouse from sources clearly unconnected with the marital relationship. In addition, we assume the trial judge didn't believe his explanation regarding the mistake in taking title.
The award of $2,000 per month child support appears to be overly generous. The wife adduced proof that she needed $2100 per month to take care of the children's needs, but it is quite apparent that sum included many of her needs also. The sum awarded has to be considered in conjunction with the additional burden placed upon the husband of paying for all of the children's medical, dental and drug needs, medical insurance and private school tuition. On remand the wife should be required to justify the $2,000 per month child support based upon their needs as opposed to her needs, as nearly as that determination can be made.
The requirement that the husband fund $10,000 per child for a college education is also error. A parent is not responsible for support after a child reaches his eighteenth birthday,[2] absent legal dependence,[3] and since attendance at college does not render a child a legal dependent,[4] courts have no authority to require parents to furnish their offspring such advanced education.[5]
Finally, our examination of the evidence fails to reflect support for the award of $25,000 lump sum alimony. None of the usual factors indicating the propriety of a lump sum award of alimony are present here.[6] The wife appears to have a need for alimony while caring for the children, since her assets and income are minimal. However, the marriage was not one of short duration, the parties have two small children, the husband's assets are hardly sufficient to meet the amount awarded, and a need for rehabilitation of the wife is not indicated. We think this record lends itself more nearly to an award of periodic alimony after a reconsideration of the award of child support.
In view of the foregoing, the judgment appealed from is affirmed in all respects except as to the award of $25,000 lump sum alimony, $2,000 child support and the requirement that the husband create a trust fund for the children's college education. Upon remand the trial court is directed to reconsider the award of $2,000 child support, the wife's need for periodic alimony and eliminate from the judgment the award of $25,000 lump sum alimony and the provision for college education for the children. In reconsidering the need for child support and periodic alimony, the court may take additional testimony if it finds a need therefor.
AFFIRMED IN PART AND REVERSED IN PART.
CROSS and DAUKSCH, JJ., concur.
PER CURIAM.

ON REHEARING
This Court issued its opinion in this cause on July 25, 1979, wherein it was stated that *943 the trial court had awarded the appellee $2,000 per month per child as child support. The final judgment actually awarded the appellee $1,000 per month child support for both children.
Accordingly, the opinion of this Court issued July 25, 1979, is modified so as to eliminate therefrom the references to the amount of child support awarded appellee and that portion of the final judgment awarding the appellee the amount of $1,000 per month for both children is affirmed. In all other respects the opinion of this Court issued July 25, 1979, is confirmed.
DOWNEY, C.J., and CROSS, SPENCER C., and DAUKSCH, JAMES C., Associate Judges, concur.
NOTES
[1] Ball v. Ball, 335 So.2d 5 (Fla. 1976).
[2] § 743.07, Fla. Stat. (1977); Perla v. Perla, 58 So.2d 689 (Fla. 1952); French v. French, 303 So.2d 668 (Fla. 4th DCA 1974); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975).
[3] Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975).
[4] French v. French, 303 So.2d 668 (Fla. 4th DCA 1974); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976).
[5] Kowalski v. Kowalski, 315 So.2d 497 (Fla. 2d DCA 1975), cert. dis. 319 So.2d 31 (Fla. 1975); Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976).
[6] Yandell v. Yandell, 39 So.2d 554 (Fla. 1949); Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976); Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979.)