Honorable Ed Crapo Property Appraiser Room 213 Courthouse Gainesville, Florida 32601
Dear Mr. Crapo:
This will respond to your letter in which you raise essentially the following questions:
 1. CAN FLORIDA HOMESTEAD EXEMPTION FROM AD VALOREM TAXATION BE CLAIMED BY AN INDIVIDUAL LIVING OUT OF STATE WHO PURCHASES REAL ESTATE IN FLORIDA FOR HIS OR HER DEPENDENT CHILDREN TO LIVE UPON WHILE ATTENDING COLLEGE IN THE STATE OF FLORIDA?
 2. MUST THE PARENT ESTABLISH THE RIGHT TO SUCH AN EXEMPTION FIRST?
 3. IF THE PARENT HAS NEVER OCCUPIED THE PROPERTY, CAN HE CLAIM HOMESTEAD EXEMPTION EVEN THOUGH HE IS LIVING IN ANOTHER STATE DUE TO WORK OR SABBATICAL LEAVE?
 4. WILL HOMESTEAD BE AVAILABLE IF THE STUDENT DEPENDENT SHARES THESE LIVING QUARTERS WITH ANOTHER STUDENT?
Initially, I would note that there is no absolute answer to the questions which you have posed. The question of the availability of homestead exemption under a particular set of facts is usually a mixed question of law and fact, which in a doubtful situation must be determined by the property appraiser on a case by case basis after reviewing the facts applicable to each claim.
From a legal standpoint, the answers to all of your questions are governed by the provisions of s 6, Art. VII, Florida Constitution, which reads in relevant part:
 Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon . . . upon establishment of right thereto in the manner prescribed by law.
This constitutional provision has been implemented by the Legislature through s 196.031(1), F.S. The applicable portion of this statute reads:
 Every person who has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, of the permanent residence or another or others legally or naturally dependent upon said person, shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the said residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution.
The utilization of the phrase `and who resides thereon' in the statute quoted above could be construed to indicate that the homestead exemption would not be available unless the holder of the legal or equitable title actually resided on the property. If this were the correct construction, then the homestead exemption would not be available on the property where the parent did not himself reside thereon.
However, this wording is not present in the constitutional provision. The Florida Supreme Court has held that the Legislature of the State of Florida cannot impose conditions on the availability of the basic homestead exemption as provided in s 6(a), Art. VII, supra, which are not present in the State Constitution. Sparkman v. State, 58 So.2d 431 (Fla. 1952); seealso Presbyterian Homes of Synod of Florida v. Wood, 297 So.2d 556
(Fla. 1974); cf., Osterndorf v. Turner, Fla. 5th D.C.A. Case No. 81-864, opinion filed March 24, 1982.
In construing the foregoing statute, the Department of Revenue of the State of Florida has promulgated Rule 12D-7.07(4), F.A.C. This rule reads as follows:
 A person not residing in a taxing unit but owning real property therein may claim such property as tax exempt under Section 6, Article VII of the State Constitution by reason of residence on the property of natural or legal dependents provided he can prove to the satisfaction of the property appraiser that he claims no other homestead tax exemption in Florida for himself or for others legally or naturally dependent upon him for support. It must also be affirmatively shown that the natural or legal dependents residing on the property which is claimed to be exempt by reason of a homestead and entirely or largely dependent upon the landowner for support and maintenance.
This rule carries a presumption of validity, particularly where the construction of the statute embraced therein is consistent with the State Constitution, while a different construction might not be. This rule must be followed by the property appraiser. Section 195.027(1), F.S.; Department of Revenue v. Markham,396 So.2d 1120 (Fla. 1981). Thus, it would appear that a nonresident of the State of Florida who owns property in the State of Florida may claim homestead exemption on that property if he maintains on that property the permanent residence of another who is naturally or legally dependent on him or her.
Thus, the availability of the exemption under your first question would appear to turn on a determination of whether the property is the permanent residence of the owner's dependent children. However, where the dependent child is a minor, it appears to be a general rule of law in the State of Florida that, in the absence of a divorce of the parents, or a guardianship, the permanent residence of a dependent minor is the same as his father. Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694, 702 (1929); Beekman v. Beekman, 53 Fla. 858, 43 So. 923 (1907); AGO 069-37; AGO 063-47; 20 Fla.Jur.2d Domicile and Residence, ss 21-22. Therefore, if the parent's permanent residence was in another state, the permanent residence of his or her dependent minor child would also be considered to be that other state, nothwithstanding the fact that the minor child may actually live on the Florida property for substantial portions of the year. Furthermore, notwithstanding the fact that the age of majority in Florida is 18 (ss 1.01[14] and743.07, F.S.), the question of whether the disability of nonage has been removed so that a person may formulate the intent necessary to effect a change in permanent residence must be answered by the law of the state of domicile. Clingan v. Duffey,381 So.2d 303, 304 (2 D.C.A. Fla., 1980); 10 Fla.Jur.2d Conflictof Laws, s 6 (1979); 16 Am.Jur.2d Conflict of Laws, s 12 (1979). Thus, if an 18 year old student who resides with his parents in a state where the age of majority is higher than 18, enters Florida to attend college, he cannot legally form the necessary intent to change his permanent residence to Florida until he has attained the age of majority under the law of his original domiciliary state.
Where the student has attained the appropriate age of majority, he does then have the capacity to change his permanent residence to Florida. However, there is then another potential obstacle to the qualification of his parent's Florida property for a claim of homestead exemption. Where the student is an adult, there is some question whether he is `legally or naturally dependent' on his parents, regardless of whether the parent actually supports the student. Thus, in Hanley v. Liberty Mutual Insurance Company,323 So.2d 301, 305 (3 D.C.A., Fla., 1975), the court said:
 The obligation of a normal adult is to care for himself. A person may not be a dependent member of a family and an independent adult at the same time; this would be a contradiction of terms. Thus, an 18 year old had no legal obligation within the family, and, as such, has no legal benefit of support.
In the field of domestic relations, there is a division of authority over whether an adult college student can be held dependent on his or her parents for purposes of requiring continued support. See generally, discussion in Nicolay v. Nicolay, 387 So.2d 500 (2 D.C.A. Fla. 1980); and Kellogg, Finn v.Kern Does a Florida Dissolution Court possess authority to compelchild support of healthy, majority-age children who are attendingcollege, 9 F.S.U. Law Review 107 (Winter 1981). The view that an adult student cannot be a dependent of his or her parents is suscinctly reflected in Genoe v. Genoe, 373 So.2d 940, 942 (1 D.C.A. Fla., 1979), where the Court said:
 . . . since attendance at college does not render a child a legal dependent, courts have no authority to require parents to furnish their offspring such advanced education.
See also, Kern v. Kern, 360 So.2d 482 (4 D.C.A., Fla., 1978); Dwyer v. Dwyer, 327 So.2d 74 (1 D.C.A. Fla., 1976); French v. French, 303 So.2d 668 (4 D.C.A., Fla., 1974); and see Krogen v. Krogen, 320 So.2d 483 (3 D.C.A., Fla., 1975). Other cases have held that a court can make a factual determination that a normal, healthy student between the ages of 18 and 21 is dependent, and order the father to continue support payments until the student reaches the age of 21. In Finn v. Finn, 312 So.2d 726, 731 (Fla. 1975), the Florida Supreme Court said:
 In this age of sophisticated technology and economic complexity with the necessity of development of special skills to qualify for pursuit of a trade, profession or to obtain employment, a person over 18 and less than 21 may indeed be dependent on the help of others to obtain what education and training is needed to be competitive in the economic system in which he must make his way. He and society have a right to expect his parents to meet that need to the reasonable extend of their ability to do so . . . .
See also, Nicolay v. Nicolay, supra.
In order to answer your first question, it is not necessary to attempt a reconsideration of these divergent decisions. At the most, they deal with the issue of whether an adult college student can be found to be legally dependent on his or her parents. However, under the state constitution and statutes, the exemption is made available for property used as a permanent residence by one who is `legally or naturally dependent' on the owner. Thus, the exemption could be available if property is being used as a permanent residence by one who is naturally dependent on the owner, even though not legally dependent on him or her.
The phrase `naturally dependent' has not been defined or construed in the Constitution, statutes, case law, administrative rules, or previous opinions of this office. The word `natural' has been defined in Black's Law Dictionary 1177 (Rev. 4 ed. 1968), as follows:
 The juristic meaning of this term does not differ from the vernacular, except in the cases where it is used in opposition to the term `legal;' and then it means proceeding from or determined by physical causes or conditions, as distinguished from positive enactments of law, or attributable to the nature of man rather than to the commands of law, or based on moral rather than legal considerations or sanctions. (e.s.)
Since the state Constitution and statutes use the word `naturally' in opposition to `legally,' the latter portion of this definition would appear applicable so that the exemption could be available where property was the permanent residence of one who was morally dependent on the owner for support, even though not legally dependent on him. Even the preceding cases which refused to order support for an adult student recognize the moral obligation of a parent to provide an education for his children, and the continued moral dependency of adult college students. In Kern v. Kern, the court alluded to the fact that:
 . . . a parent may suffer a moral obligation to assist children in acquiring an advanced education . . . . 360 So.2d at 485.
Earlier, the court in Kern had observed:
 A child attending college full time in an active and sincere pursuit of an advanced education may certainly be dependent upon his parents for support. 360 So.2d at 484.
Thus, it is my opinion that an adult college student may be `naturally dependent' on his or her parent within the meaning of s6(a), Art. VII, Fla. Const., and s 196.031(1), F.S. Of course, the property appraiser must factually verify the dependency of the student. Rule 12D-7.07(4), supra. However, where such natural dependency exists, and the property appraiser has also verified that the adult student has made the Florida property his or her permanent residence in good faith, under the tests of s 196.015, F.S., then the Florida property may qualify for homestead exemption, notwithstanding that it is owned by the student's parent who is a permanent resident of another state.
It is not entirely clear what you are asking in your second question. As noted above, the parent need not make the Florida property his own permanent residence. If the parent who owns the real estate does make his or her permanent home on the Florida real estate, then homestead exemption would be available. However, if the parent only resides on the property temporarily, the fact of that temporary residence would not alter the analysis or conclusions expressed in response to your first question. Furthermore, if the parent does establish a permanent residence on the property, but thereafter changes his permanent residence back to his former state of residence while leaving his dependent minor child to live on the property while attending college, those facts would appear to constitute an abandonment of the permanent residence by the parent and likewise by the minor child since the new permanent residence of the parent would become that of the minor child in spite of the child continuing to live on the Florida property. If the homestead is abandoned, the exemption for ad valorem taxation may no longer be claimed.
In response to your third question, it appears unlikely that homestead exemption could be claimed where the party has never occupied the property, since the establishment of a permanent residence on a piece of property contemplates physical occupancy of that property. See AGO 079-50 (it is necessary for all persons who own real property, or those persons who are legally or naturally dependent upon such owners, to occupy the real property as a permanent home or place of residence in order for the owners thereof to be entitled to the homestead exemption from taxation). Of course, if the parent has established a permanent residence, his later absence from the state on a sabbatical or in connection with his work would not necessarily constitute an abandonment of that permanent residence, if he does not establish a permanent residence in some other jurisdiction. Lanier v. Lanier, 95 Fla. 522,116 So. 867 (1928); Rule 12D-7.13(1), F.A.C.; cf. AGO 076-177.
Your last question is whether homestead exemption will be available if the dependent minor child shares living quarters with another student. Although the foregoing analysis indicates that homestead exemption will not always be available in the first place, nevertheless if it is otherwise property available, the fact that someone else besides the home owner's dependent may also reside on that property would not destroy its eligibility for homestead exemption. Rule 12D-7.13(5)(a), F.A.C., reads as follows:
 The head of the family occupying the second story of a building as his home and the first story of the building as his business house is entitled to claim homestead exemption on the building, except that portion not used by him either as his business house or as his home. Any portion of the property not used as his business house may not be exempted as a homestead. In other words, if any portion of the first floor or second floor of the building is rented to another party and used by the other party for other purposes, it would not be within the exemption provided for under Article VII of the State Constitution. (Smith v. Guckenheimer, Fla. 1900, 27 So. 900).
This rule would seem to indicate that the fact that someone unrelated to the owner resides on the property, even if that person pays rent for the right to do so, will not necessarily destroy the eligibility for homestead exemption if it otherwise exists. However, it appears that the homestead exemption might not be available for that portion of the premises which is leased or rented.
Thus in conclusion, it is my opinion that homestead exemption may be claimed by a nonresident of the state who owns property in the state and maintains thereon the permanent residence of another who is legally or naturally dependent on him. Since the permanent residence of a dependent minor is generally that of his or her parents, it would appear that a nonresident parent could not claim homestead exemption for Florida real estate on which the parent's minor child lived while attending college in Florida. However, if an adult college student in good faith establishes Florida property owned by his or her parent as the student's permanent residence, then the student could also be considered naturally dependent on the parent, if such were in fact the case, making homestead exemption available for the property. These conclusions would not be altered if the parent lived on the property temporarily without making that property his permanent residence, or if the parent abandoned that permanent residence after establishing it. If not otherwise available, the parent would generally not be able to claim homestead on property which he had never occupied, not having made that property his permanent residence. However, if the parent does establish the property as his permanent residence, an absence from the state due to work or sabbatical would not necessarily constitute an abandonment of that permanent residence where no new permanent residence in another jurisdiction was acquired. If property is entitled to a claim of homestead, the fact that the property may also be occupied by another student who is not the dependent of the owner of the property would not, of itself, destroy the right of the owner to claim homestead exemption.
Sincerely,
Jim Smith, Attorney General
Prepared by: E. Wilson Crump, II, Assistant Attorney General