BASKIN, Judge.
Finding no abuse of discretion in the Final Judgment of Divorce entered by the trial court, either in the disposition of the parties’ assets or in the alimony awards, we affirm. With regard to the portion of the judgment requiring appellee to pay for his emancipated daughter’s college education, however, we reverse.
The legal duty of a parent to support his or her children ceases when the child attains majority, absent a finding that the child is legally dependent. Thomas v. Thomas, 427 So.2d 259 (Fla. 5th DCA 1983); Jones v. Jones, 421 So.2d 815 (Fla. 4th DCA 1982); Genoe v. Genoe, 373 So.2d 940 (Fla. 4th DCA 1979); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975). But see Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980) (finding that it was proper for the trial court to order a parent to finance a child’s college education after the age of eighteen). Although Dr. Grapin indicated a willingness to pay his adult daughter’s college expenses on a voluntary basis, his statement did not constitute the binding contractual agreement necessary to sustain the entry of an order requiring the payment of college costs. Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980). See Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA *927 1976); Kowalski v. Kowalski, 315 So.2d 497 (Fla. 2d DCA), cert. dismissed, 319 So.2d 31 (Fla.1975).
The other points raised on appeal lack merit.
Affirmed in part, reversed in part, remanded.