362 So.2d 700 (1978)
C. Dana ROLLINGS, Appellant,
v.
June Kirn ROLLINGS, Appellee.
No. 78-312.
District Court of Appeal of Florida, Second District.
September 22, 1978.
Richard E. Nelson and Robert C. Widman of Nelson, Hesse, Cyril, Weber & Sparrow, Sarasota, for appellant.
Clyde C. Goebel of Grimes, Goebel, Parry, Blue & Boylston, Bradenton, for appellee.
RYDER, Judge.
The appellant/husband appeals a final judgment of dissolution of marriage and raises only one meritorious point on appeal, that relating to an award of child support to his three children in the sum of $200.00 *701 per month per child. Two of the children at the time of the final judgment were sixteen and thirteen. The third, Ann, was eighteen years of age.
There is authority in this state to require continuance of support of dependent progeny past the age of majority, and, in certain instances, when they attend college.[1] However, under the facts of this case, and in the absence of an agreement by the appellant to continue support for his eighteen year old daughter, we find the trial court erred in ordering such support for her. Kowalski v. Kowalski, 315 So.2d 497 (Fla. 2d DCA 1975); White v. White, 296 So.2d 619 (Fla. 1st DCA 1974); Perla v. Perla, 58 So.2d 689 (Fla. 1952).
Therefore, to the extent the final judgment orders payment of child support to appellant's daughter Ann after her eighteenth birthday the same should be and is hereby reversed. However, this judgment of dissolution in all other aspects should be and is hereby affirmed.
AFFIRMED in part; REVERSED in part.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] Finn v. Finn, 312 So.2d 726 (Fla. 1975); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). In all fairness to the trial judge herein, the Kern case was decided July 12, 1978, some months after the entry of the trial judge's order.