415 So.2d 855 (1982)
John Everett OWENS, Sr., Appellant,
v.
Jewell D. OWENS, Appellee.
No. 81-940.
District Court of Appeal of Florida, Fifth District.
June 23, 1982.
*856 John W. Rodgers of Rodgers, Wagner & Satava, Orlando, for appellant.
James N. Powers, P.A., Orlando, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from an order in a marriage dissolution case which modified a final judgment and increased the father's contribution toward the support of his children. We find no error in any respect and affirm the order but we deem it necessary to establish a point of law which has not been decided by this court and is of some confusion in the state. Because the point of law is not well settled and we deem it to be of great public importance we certify the following question:
UNDER WHAT CIRCUMSTANCES, IF ANY, DOES A COURT HAVE JURISDICTION AND AUTHORITY TO ORDER A PARENT OF A PERSON OVER THE AGE OF EIGHTEEN TO PAY CHILD SUPPORT PAYMENTS?
The father in this case was ordered to contribute Thirty Dollars a week toward the support of his eighteen year old son until the son's graduation from high school in June, 1982. The evidence shows the son had to repeat his third grade of elementary school and thus was one year behind in finishing high school. Evidently he is healthy, intelligent, employed part-time and dependent upon his parents for support during this final year of high school. There is ample evidence the father is financially capable, although unwilling, to provide the needed financial assistance for this son and his other children.
Before the change in the law regarding the age of majority of a person in Florida this problem would hardly have arisen because it is rare that a healthy, intelligent not otherwise dependent child would not complete his high school education by age 21. The pertinent statute is section 743.07, Florida Statutes (1981):
Rights, privileges, and obligations of persons 18 years of age or older.
(1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older except as otherwise excluded by the State Constitution immediately preceding the effective date of this section and except as otherwise provided in the Beverage Law.
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
(3) This section shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing prior to July 1, 1973.
This statute is applicable to this case in two ways. First, it says the court can require support for a dependent child over eighteen. Second, it says it does not affect rights and obligations existing before July 1, 1973. For at least one statutory definition of "dependent child" see section 409.2554(2), Florida Statutes (1982), which says:
(2) "Dependent child" means any person under the age of 18, or under the age of 21 and still in school, who has been deprived of parental support or care by reason of death, continued absence from the home, or physical or mental incapacity of a parent.
(Emphasis supplied).
As to the first point, we have determined the child in this case to be dependent and entitled to support because he cannot fully support himself and properly attend to his high school studies at the same time and because we deem it essential that a person who is able to do so, complete his high school education. We quite agree with the dicta in Finn v. Finn, 312 So.2d 726 (Fla. 1975), where our Supreme Court, speaking through Circuit Judge Ben Willis, said:

*857 In this age of sophisticated technology and economic complexity with the necessity of development of special skills to qualify for pursuit of a trade, profession or to obtain employment, a person over 18 and less than 21 may indeed be dependent on the help of others to obtain what education and training is needed to be competitive in the economic system in which he must make his way. He and society have a right to expect his parents to meet that need to the reasonable extent of their ability to do so, and nothing in Chapter 73-21 says otherwise.
As to the second point, the final judgment of dissolution, which was modified by the order appealed here, was rendered in 1972. Thus the rights and obligations concerning support first came into an adjudicated existence before July 1, 1973. In that final judgment it was held that the support would continue until each child reaches eighteen, marries, dies, becomes self-supporting or enters the armed forces, whichever first occurs. It also held, somewhat ambiguously, that the support would continue "during the minority of the children or until they are emancipated or self-supporting." We say ambiguously because the judgment on the one hand terminates the support at age eighteen and on the other hand orders its continuance until emancipation, which at that time was twenty-one. Parenthetically, it could be argued that since the child became eighteen when the age of emancipation is eighteen that there is no longer any ambiguity. Be that as it may, we agree with the dicta in Finn and the dicta in Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980), both of which say dependency can be established by proof that a child is necessarily and diligently pursuing his education and thus unable to support himself completely. We recognize this decision is in conflict with Watterson v. Watterson, 353 So.2d 1185 (Fla. 1st DCA 1977) which holds, at least implicitly, that upon emancipation a child cannot be legally entitled to court-ordered parental support unless he is "disabled by physical or mental incompetency."
Although we have certified a question of great public importance and deemed this case to be in conflict with another appellate case our Supreme Court will not exercise its discretion in considering this matter unless petitioned.
AFFIRMED.
SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
I must dissent. I do not find "the child in this case to be dependent." This young adult is able-bodied and employable as a matter of fact and independent as a matter of law. Since the amendment of section 1.01(14), Florida Statutes, in 1973, the obligation of parents in Florida to support children over 18 years of age is the same as the obligation of parents prior to 1973 to support children over 21 years of age. Prior to that amendment, the concept of a parental duty to support a dependent adult child referred only to an adult child who was dependent because of some physical or mental incapacity and was therefore unable to sustain himself. See, e.g., Perla v. Perla, 58 So.2d 689 (Fla. 1952); Fincham v. Levin, 155 So.2d 883 (Fla. 1st DCA 1963). See generally Annot., 1 A.L.R.2d 910 (1948) (Parent's Obligation to Support Adult Child). Such dependency is unrelated to the desirability of everyone attaining as much formal education as possible, whether high school or college.[1] Lowering the age of majority to *858 eighteen did not legislatively overrule this case law; since the amendment, a child not physically or mentally incapacitated from earning a living ceases to be a dependent of his parents when he arrives at 18 years of age. The majority's opinion is laudably concerned with the importance of education. However, the legislatively expressed public policy of this state is to compel school attendance of a child only to the date he attains 16 years of age. § 232.01(1)(c), Fla. Stat. (1981). After that, it is up to the parents;[2] the decision is theirs and not that of government. Certainly there is no authority for a healthy, able-bodied child of undivorced parents to demand and force his parents (through suit if necessary) to provide him with an education beyond age sixteen or any type of support beyond age eighteen. This court first deems it essential that an adult complete his high school education, then enforces such judicial notion against those parents who have been so unfortunate as to have their marriages dissolved. This holding not only encroaches on the legislative prerogatives to set the age of majority and self-sufficiency without regard to education at eighteen and to set the age of government mandated school attendance at sixteen, but denies such divorced parents their freedom to, or not to, provide financial help to their adult children who would endeavor to continue their formal education. It denies such divorced parents their constitutional right to equal treatment under law; that being the same right to voluntarily make such decisions concerning their adult children as other, undivorced parents have under law. I cannot agree with a rule of law that permits domestic relations judges to create and enforce special duties of support in favor of adult children against divorced parents which are not provided by general law equally applicable to all parents. Therefore, I prefer the reasoning of Watterson v. Watterson, 353 So.2d 1185 (Fla. 1st DCA 1977), to the idealistic dicta of Finn v. Finn, 312 So.2d 726 (Fla. 1975), although I am aware that the authority of the latter may overwhelm the principle of the former.
NOTES
[1] In an attempt to bolster their holding, the majority refers to the definition of "dependent child" in section 409.2554(2), Florida Statutes (1982). This definition from chapter 409 pertaining, as it does, to the government's social and economic assistance programs for children and adults is entirely unrelated to the question before this court as to when a parent is responsible for support of his adult children. That definition is explicitly restricted to its use in that chapter and, when read out of context of the chapter it relates to, the definition could be argued to require a poor parent to support a wealthy, able-bodied, well employed, married adult child solely because the child is under 21 and desires to finish high school. Conversely, by the statute's definition, a child under the age of 18 is not dependent if the parent responsible for support is not dead, absent from the home, or physically or mentally incapacitated; is such a child therefore not entitled to parental support? This definition but reflects the wisdom of our present welfare programs.
[2] Notwithstanding the best intentions of both parents to see that a child, over sixteen, finishes his education, it must be recognized that, human nature being what it is, these intentions are easily frustrated by a child who desires otherwise.