GRIMES, Judge.
This appeal from a final judgment of dissolution requires a careful understanding of the facts. The parties were married in 1965 and separated in January of 1981. Two children were born of the marriage: a daughter, aged fifteen, and a son, aged twelve. During the marriage, the wife attended college over a period of nine years and ultimately received a bachelor’s degree from the University of South Florida. After she separated from her husband, she moved to Tallahassee for post-graduate study. Upon earning her master’s degree, she believes she can obtain employment at an annual starting salary of about $13,000.
During most of the marriage, the husband worked as a startup engineer and earned between $20,000 and $30,000 per year. In 1980, he was unemployed for about six months and now works for a swimming pool company at a salary of $186 per week. The husband has a two year college degree but says he needs additional education since there is no longer any demand for his skill. The husband testified that he and his wife had an agreement that he would return to college after the wife finished her education. The parties own their marital residence worth approximately $110,000, which is subject to a $50,000 mortgage. Since their marriage, they acquired securities which at the time of the final hearing had a value of about $56,000.
The two children had been living with the husband since their mother had moved to Tallahassee. The children wished to remain in Lakeland, so the wife did not contest the award of their custody to the husband. The court also gave the husband exclusive possession of the marital home while the children were in his custody. The wife primarily complains of a provision in the judgment which read as follows:
4.From the sums held to the account of the husband in Merrill Lynch funds, the amount of $56,000, Twenty Thousand Dollars is awarded to the husband and a trust is hereby imposed in the amount of $20,000 of such funds to be held by him, in trust, for the purpose of providing for the college education of the children; the sum of $16,000 is awarded to the husband to pursue his education; the remainder of such funds shall be divided equally between the husband and wife.
The husband argues that this court’s opinion in Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980), justifies the $20,000 award for the children’s education. In that case, we upheld an order requiring a financially able husband to pay additional alimony to cover the increased expenses of the wife in providing a college education for the parties’ two exceptionally bright children who were already of college age. *174 Here, there was no evidence concerning the children’s suitability for college. In fact, the oldest child was only fifteen years old, and there was no indication that either of them had yet considered attending college. Furthermore, the Nicolay award was periodic and subject to modification. Here, the court simply awarded the husband $20,000 in the nature of lump sum alimony to be held in an unsupervised trust for the children’s education if they ever did go to college. In deciding Nicolay, we felt justified by its compelling facts to make a reasoned departure from the general principle that parents cannot be required to support their healthy children beyond the age of majority. We did not envision that Nicolay would have widespread application. There is no theory which can support the $20,000 award.
The $16,000 award for the husband’s college education stands on a different footing. Apparently, the court sought to implement what it believed was the agreement of the parties. Accepting the premise that the husband is in need of retraining, the $16,000 award can be sustained as lump sum rehabilitative alimony. See Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976); McRee v. McRee, 267 So.2d 21 (Fla. 4th DCA 1972). Lump sum alimony may be awarded to insure an equitable distribution of property acquired during the marriage if the record reflects a justification for a lump sum payment and the other spouse has the financial ability to make the payment without substantially endangering his or her economic status. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The wife’s remaining point on appeal is without merit. We reverse the $20,000 award to the husband and direct that these funds be divided equally among the parties. Otherwise, the judgment is affirmed.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.