504 So.2d 5 (1986)
Charles W. STULTZ, Appellant,
v.
Sandra B. STULTZ, Appellee.
No. 86-1475.
District Court of Appeal of Florida, Second District.
December 23, 1986.
*6 Alan Jay Rubinstein of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellant.
John H. Shearer, Jr., P.A., Fort Myers, for appellee.
RYDER, Judge.
Appellant, former husband, appeals the trial court's order requiring him to continue child support payments for his eighteen-year-old daughter until that child has graduated from high school. The parties' child turned eighteen on January 4, 1986. Appellant paid child support through January 1986. The child was to graduate in June of 1986. The trial court's order included a finding that the child "has an economic dependency and requires continuing support until graduation from high school." The court ordered child support payments to continue "at least until the child has graduated from high school," and retained jurisdiction over the parties and subject matter. Appellant argues that the trial court cannot order child support for an adult child absent a finding of physical or mental deficiencies. We agree and reverse.
There is no legal duty to pay child support beyond the age of eighteen  the age of majority in Florida  absent a finding of physical or mental deficiencies. Grapin v. Grapin, 450 So.2d 853 (Fla. 1984). The excellent trial judge in this case was obviously well-intentioned in ordering support through the daughter's high school graduation date. We agree with the trial court's implicit belief that a parent  divorced or married  should not have to be forced by a court order to provide for his or her child's education. However, if a legal duty to provide post-majority high school education support is to be created, the legislature is the fountain out of which that legal duty is to spring.
We must follow the holding of the Florida Supreme Court in Grapin:
While most parents willingly assist their adult children in obtaining a higher education that is increasingly necessary in today's fast-changing world, any duty to do so is a moral rather than a legal one.
* * * * * *
Any reliance on dictum in Finn v. Finn, 312 So.2d 726, 731 (Fla. 1975), for the proposition that parents, married or divorced, may be required to pay postmajority education support based only upon need and the ability to pay is misplaced. The dictum from Finn refers to the societal ideal of continued parental support for the education and training of these children. These statements of concern neither created a legal duty nor provided a new cause of action.
Grapin at 854-55. See also Rollings v. Rollings, 362 So.2d 700 (Fla. 2d DCA 1978). The order requiring appellant to pay child support through his child's graduation date is reversed. The cause is remanded with instructions that the trial court enter an order consistent with this opinion. Appellee's motion for attorney's fees is denied.
Reversed and remanded with instructions.
GRIMES, A.C.J., and FRANK, J., concur.