PATTERSON, Judge.
Carolyn Mates Thomasson appeals the trial court’s final order denying her petition to increase the amount of child support she receives from her ex-husband, Donald S. Thomasson. The trial court found that Ms. Thomasson failed to demonstrate a sufficient change in circumstances to warrant the increase. We conclude that this finding was error and we reverse.
When the parties divorced in Dan-ville, Kentucky, in 1981, they had four minor children ranging in age from two to twelve years. They resolved the matter of child support with a marital settlement agreement in which the husband agreed to pay $600 per month. At the time he had a net income of $24,000 and the wife was unemployed.
In April of 1988, the wife, now a resident of North Carolina, filed a petition to establish the Kentucky divorce decree as a Florida judgment[1] and to increase the amount of child support. The oldest child had attained the age of majority and the husband was paying the reduced amount of $450 per month for the support of the remaining three children.
Ms. Thomasson earns about $13,000 per year. By contrast, Mr. Thomasson nets in the $70,000 to $75,000 range per year. Ms. Thomasson has a monthly deficit in excess of $1,000 and Mr. Thomasson concedes that she needs more money. Mr. Thomasson is substantially in debt; he owns a $168,000 condominium, several cars and a boat, none of which have any consequential equity. He has remarried and undertaken the support of his stepdaughter, which includes private schooling. His minor children, on the other hand, attend public schools and must participate in a subsidized lunch program. These children, now in or nearing adolescence, live with their mother in a rental apartment.
The trial judge found that these facts were insufficient to establish a substantial change of circumstances justifying an increase in support. We conclude that this finding was an abuse of discretion, Schot-tenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA 1980), and reverse and remand for further proceedings consistent with this opinion.
At the time of the nonjury trial, Mr. Thomasson was voluntarily paying an extra $300 per month for a total of $750 per month. He contends that he and his ex-wife agreed upon this amount in a telephone conversation after she filed the petition. The lower court found that the parties had resolved the issue of support, and set the amount at $750 per month.
The courts diverge as to whether such agreements should be enforced. See Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979); Wiener v. Wiener, 343 So.2d 1319 (Fla. 3d DCA 1977). When enforced, these agreements are always subject to the court’s scrutiny and are confirmed only when they serve the best interests of the child. Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967). On remand the lower court should consider this principle of law.
The parties’ second child, Eric Thomasson, was eighteen years old and about to enter his senior year of high school when the final hearing was held. Ms. Thomasson argues that Eric is dependent and entitled to support continuing beyond his majority. If the lower court had made this finding, it would have been consistent with the law and with Eric’s best interests. Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984). As presented here, however, the issue is moot because the lower court made no finding about Eric’s dependency and ordered the payment of $750 per month in general child support, which includes Eric by implication. When the lower court rehears this case, Eric should have finished high school. If he has not, then the court should consider the question of his continuing dependency for that purpose.
Ms. Thomasson’s last issue is the propriety of the trial court’s denial, without explanation, of her request for attorney’s fees and costs. Considering the disparity between the parties’ earning abilities and *430 Mr. Thomasson’s expenditures on nonessential items, this denial was error. See, Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979). On remand the lower court is directed to award Ms. Thomasson an appropriate sum for fees and costs.
Reversed and remanded.
CAMPBELL, C.J., and THREADGILL, J., concur.

. The parties stipulated to the establishment of the foreign decree.