599 So.2d 1002 (1992)
Kim C. McCAULEY, Appellant,
v.
Steven J. McCAULEY, Appellee.
No. 91-00582.
District Court of Appeal of Florida, Second District.
April 17, 1992.
Rehearing Denied June 15, 1992.
*1003 Robert J. Finck and David A. Sharp of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellant.
Wayne O. Smith, St. Petersburg, for appellee.
EN BANC
HALL, Judge.
We have decided to hear this case en banc in order to resolve an intradistrict conflict between Thomasson v. Thomasson, 562 So.2d 428 (Fla. 2d DCA 1990), and Stultz v. Stultz, 504 So.2d 5 (Fla. 2d DCA 1986), on the issue of child support for a child beyond the age of majority who has not yet completed high school. We approve Stultz and recede from Thomasson to the extent it conflicts with this opinion.
Kim McCauley has raised three issues with regard to the final judgment of dissolution of her marriage to Steven McCauley. We only find merit in one of those issues and therefore affirm in part and reverse in part.
The parties were married in 1978 and separated in 1990. Lucas, Kim's natural child, was born in 1973 and was adopted by Steven. At the time of the filing of the petition for dissolution, Steven was employed as a heavy equipment operator, earning $3200 per month. Kim was unemployed and had been so for the entire term of the marriage except for a three-month period when she worked at Eckerd's. The parties' assets consisted of a home encumbered by a mortgage, a time share unit, and two motor vehicles. They had a number of credit card balances and little to no cash. At the time of the final hearing, Kim was attending St. Petersburg Junior College, pursuing a four-year course of study to become a medical laboratory technician.
In its final judgment of dissolution, the trial court awarded the marital home to Kim and the time share unit to Steven; divided the vehicles and the credit card debts; denied Kim's request for permanent periodic alimony; awarded Kim $170 per month as rehabilitative alimony for three years; and ordered Steven to pay child support of $145 per week until Lucas reaches majority (January 18, 1991).
Kim first contends, citing Thomasson, that the trial court erred in denying her request for child support for Lucas until he finishes high school, notwithstanding the fact he has reached the age of majority. In Thomasson, this court stated that a finding by the trial court that a child in the same circumstances was entitled to support would be consistent with the law. That law was cited to be Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984), in which case the First District concluded that legal dependency encompasses economic dependency and affirmed the trial court's order requiring Mr. Evans to continue to provide support for his son, who had reached the age of majority, until he finished high school.
We disagree with Evans and consequently recede from Thomasson. We believe our opinion in Stultz, one of the cases relied on by Steven, contains the correct statement of the law on this issue because it recognizes that "if a legal duty to provide post-majority high school education support is to be created, the legislature is the fountain out of which that legal duty is to spring." Stultz, 504 So.2d at 6. In Stultz we stated that "there is no legal duty to pay child support beyond the age of eighteen  the age of majority in Florida  absent a finding of physical or mental deficiencies." Id. At the time the trial court in this case entered the final judgment of dissolution, the law was the same: "This section [establishing the age of majority at eighteen years] shall not prohibit any court of competent jurisdiction from requiring *1004 support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority, and any crippled child... ." § 743.07(2), Fla. Stat. (1989).[1] Since there was no evidence Lucas labors under any mental or physical incapacities, the trial court properly denied Kim's request for child support for him.
Kim next contends she was entitled to an award of permanent periodic alimony. We disagree. At the time of the final hearing, Kim was thirty-six years of age, in good health, and pursuing a course of education which on completion can render her self-supporting. Under these circumstances, it was not an abuse of discretion for the trial court to deny her request for permanent periodic alimony.
Kim's last contention is that the trial court should have awarded her rehabilitative alimony for four years, not three years, because she clearly testified that her course of study to become a medical laboratory technician would require four years to complete. We agree. On remand, the trial court is directed to extend the term of rehabilitative alimony to not less than four years.
Kim did not contest the amount of the award in this appeal. In consideration of our holdings on the issues of permanent periodic alimony and child support, which has now terminated, the trial court on remand is authorized to revisit the amount of rehabilitative alimony awarded in light of the circumstances as they now exist.
Reversed and remanded.
SCHOONOVER, C.J., and RYDER, DANAHY, CAMPBELL, LEHAN, FRANK, THREADGILL, PARKER, PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] We note that in 1991 the legislature amended section 743.07(2) by deleting reference to crippled children and adding the following: "or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19." § 743.07(2), Fla. Stat. (1991).