622 So.2d 96 (1993)
Mary F. ROGERS, Appellant,
v.
Jerome R. ROGERS, Appellee.
No. 92-03189.
District Court of Appeal of Florida, Second District.
July 23, 1993.
*97 Thomas H. McGowan and Alison M. Steele of Rahdert & Anderson, St. Petersburg, for appellant.
Jerome R. Rogers, pro se.
RYDER, Acting Chief Judge.
Mary F. Rogers, the former wife, seeks review of the final judgment dissolving her marriage and raises two issues on appeal. First, she contends the lower court erred in ordering the parties' marital home to be partitioned and sold. Second, she challenges the type and amount of alimony awarded. For the reasons stated below, we find merit in both these points. We therefore reverse and remand this case to the trial court for further proceedings consistent with this opinion.
The marital home was one of the two main assets of this thirty-three year marriage. Mrs. Rogers asked the trial court to award her the home in exchange for her interest in the husband's vested pension plan with his employer, the other main marital asset. The trial court, however, fashioned a fifty-fifty split of both these assets. The final judgment required that the home be partitioned and sold and awarded the wife "50% of the Husband's interest in the pension from its inception until the date of the filing of the Petition for Dissolution of Marriage herein (June 3, *98 1991)." We hold that this division of the two main assets of the marriage was error because the trial court did not specify how Mrs. Rogers would receive her half of the pension benefits.
We begin by noting that the lower court correctly considered the husband's pension as a marital asset to be divided between the parties. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). We find no error in its decision to award the wife 50% of the pension. In dividing a marital asset pension, however, courts should either (1) reduce the pension benefits to present value and order a lump sum distribution of the amount to the recipient spouse, or (2) direct that a portion of each pension payment be paid to the recipient spouse at the time of each payment. DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991). The court here erred in failing to state which of these options would be used to provide Mrs. Rogers with her portion of this asset.
We have reviewed the record and concluded that the second option is not appropriate in this case. Mr. Rogers worked throughout the parties' marriage, while, for the most part, Mrs. Rogers was a homemaker. Mr. Rogers was fifty-two at the time of the divorce. His pension was vested, but he could not begin receiving benefits until age fifty-five, at the earliest. If Mr. Rogers died before retirement he would not receive any benefits. Mrs. Rogers's right to receive her half of the pension would die with him. It would be unfair, and an abuse of discretion, to make the wife's entitlement to this marital asset contingent upon the husband's survival. See Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980), review denied, 397 So.2d 777 (Fla. 1981). We hold that the trial court should have reduced the pension benefits to present value and awarded Mrs. Rogers a lump sum.
The problem with a lump sum award is that the husband's plan apparently does not permit pre-retirement distributions. An actuary testified that the present value of the pension was $70,966.99. Mr. Rogers does not have sufficient cash assets to pay his former wife one-half of the pension's present value. Mrs. Rogers, however, was willing to accept a lump sum award of her husband's interest in the marital home in exchange for her interest in the pension, even though the husband's interest in the home was somewhat less than one-half of the present value of the pension. Testimony at the final hearing showed that the home was valued "as is" at between $74,900.00 and $84,000.00, and was encumbered by a mortgage of approximately $21,000.00. Thus, the husband's equity in the home was, at most, $31,500.00. We find the wife's proposal particularly equitable, especially because Mrs. Rogers testified she could obtain additional income by renting rooms in the home and possibly by taking care of children there.
We therefore approve the trial court's decision to award Mrs. Rogers one-half of the husband's pension, but we instruct the court to distribute the wife's half of the pension in a lump sum by awarding her the husband's interest in the marital home. By doing so, we necessarily reverse the portion of the final judgment that orders the home to be partitioned and sold. We also reverse the part of the judgment that requires the parties to share equally the cost of repairs on the home. Mrs. Rogers will take the home "as is" and encumbered by the mortgage. She will be solely responsible for the payment of the mortgage and all other expenses of the home after the husband's interest is transferred to her. We approve that part of the judgment requiring the parties to split the cost of the 1991 real estate taxes, and further note that any other taxes that may be due and payable prior to transference of the home to the wife should also be split equally between the parties.
Having awarded Mrs. Rogers the husband's interest in the marital home as a lump sum distribution of the pension benefits, we note that injustice would result if the same asset was used to calculate both a property distribution and a party's support obligations. Because one-half of Mr. Rogers's pension will be distributed as marital *99 property, the wife's percentage of the pension may not be considered as a source of payment of alimony after the husband retires and begins collecting his benefits. Diffenderfer, 491 So.2d at 267.
Mrs. Rogers also challenges the portion of the final judgment relating to alimony. The court did not order the husband to pay rehabilitative alimony. It directed him to make the mortgage payments on the home and the payments on the wife's car and to pay $600.00 per month alimony for the months of May through August 1992. Beginning in September 1992, the alimony payment ceased and the husband was only required to make the mortgage and car payment. After the marital home was sold, the court ordered the husband to resume alimony payments in the amount of $625.00 per month.
Mrs. Rogers was fifty-one years old at the time of the divorce. She had not been employed, except for brief periods, during the marriage. In September 1991 she enrolled in a two-year course to become a travel agent. She asserts that the trial court erred in failing to award her rehabilitative alimony during the period of her schooling. See McCauley v. McCauley, 599 So.2d 1002 (Fla. 2d DCA 1992). Even though Mrs. Rogers is attending travel agent school, because of her age and lack of previous work experience, her capacity for rehabilitation is uncertain. Permanent periodic alimony is more appropriate in her situation than rehabilitative alimony. Wolff v. Wolff, 576 So.2d 852 (Fla. 1st DCA 1991); Corrie v. Corrie, 428 So.2d 710 (Fla. 3d DCA 1983).
We do, however, hold that it was error for the trial court to reduce the wife's support award as of September 1992 when there was no evidence that her financial prospects or her ability to support herself would change on that date. Without such evidence, an automatic reduction in alimony is improper. Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985). We reverse and remand to the trial court to determine the amount of permanent periodic alimony the husband must pay the wife based on the relevant economic factors. Section 61.08, Fla. Stat. (1991).
Reversed and remanded for proceedings consistent with this opinion.
DANAHY and PATTERSON, JJ., concur.