PATTERSON, Judge.
The wife appeals from a final judgment of dissolution of marriage and raises issues of child support, alimony, and restrictions placed on her removal of the parties’ three children from Collier County. The husband cross-appeals a determination that he is responsible for one-half of the wife’s reasonable attorney’s fees. We affirm in part and reverse in part.
The parties were married in Illinois in 1979. The husband worked in real estate and the wife was employed as a grocery store manager. In the early 1980’s, the husband decided to relocate the family, then consisting of the wife and two children, to the more lucrative real estate market of southwest Florida. In Florida, the wife was unable to find similar employment, and although she held a college degree in fine arts, was limited to working as a waitress while the husband established himself as a real estate broker. She later obtained a real estate salesperson’s license and joined the husband in a real estate firm which he had founded. During this period, a third child was bom. The parties bought a home and a rental condominium and enrolled the children in private school. The marriage deteriorated largely due to the husband, who filed suit for divorce in 1992. Unable to continue to work in the husband’s business, the wife found occasional employment as a free-lance artist. At the time of the final hearing, the husband’s income was $75,000 per year and the wife’s was approximately $200 per month, in addition to temporary alimony and child support she was receiving.
In its final judgment, the trial court made an equitable distribution of the parties’ limited assets, awarded primary residential care of the three minor children to the wife, and ordered the husband to pay $1,230 per month, plus one-half of the private school tuition as child support. The court awarded the wife rehabilitative alimony of $1,000 per month for a period of one year and $500 per month for an additional year. The court further ordered that the wife not move the children’s residence fi’om Collier County.
With regard to the children, the wife argues that the trial court incorrectly determined the amount of the husband’s available income for the purpose of child support and challenges the restriction on the children’s residence, an issue which neither party pled nor argued and which appears for the first time in the record in the final judgment. We find no error in the trial court’s child support determination and affirm on that issue. There being no basis whatsoever in the record for the restriction of the minor children’s residence, we strike that provision from the final judgment.
On the issue of alimony, the wife argues that after a thirteen-year marriage, she is entitled to permanent, rather than rehabilitative, alimony. Under the facts presented, this is a close issue. On the one hand, the wife has a college degree, was previously employed in a good position in the grocery business, and holds a real estate license. In one year while employed as a real estate salesperson, she attained a $20,000 income. On the other hand, she has been unable to find similar grocery employment in Florida, is not actively pursuing a real estate career, and has a meager income from her free-lance art endeavor. At the time of the final hearing, the husband was forty-two years old and the wife was thirty-seven. Under these circumstances, we cannot say that the trial court abused its discretion in awarding rehabilitative alimony. See McCauley v. McCauley, 599 So.2d 1002 (Fla. 2d DCA 1992). We do, however, determine that the award is inadequate in duration and that the reduction to $500 in the second year is error. On this *766 issue, we remand with directions to the trial court to order rehabilitative alimony in the amount of $1,000 per month for a period of not less than five years. This duration will permit the wife to devote adequate attention to raising the parties’ children, the youngest of whom is now nine, and to develop her demonstrated business talents.
On cross-appeal, the husband attempts to challenge the trial court’s determination that he pay one-half of the wife’s reasonable attorney’s fees. Orders which grant entitlement to attorney’s fees without determining the amount of such fees are not ripe for appellate review. See Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA1994). We therefore dismiss the cross-appeal.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and QUINCE, J., concur.