707 So.2d 889 (1998)
Stanley Joe PARIS, Appellant,
v.
Linda Anne Greene PARIS, Appellee.
No. 97-1041.
District Court of Appeal of Florida, Fifth District.
March 6, 1998.
Robert E. McCall, Melbourne, for Appellant.
James R. Dressler, Cocoa Beach, for Appellee.
*890 COBB, Judge.
The issues on this appeal are the result of a final judgment of dissolution wherein the former wife, Linda Anne Greene Paris, was awarded permanent periodic alimony in addition to a portion of the marital assets. The former husband, Stanley Joe Paris, questions the permanent periodic alimony, the lower court's value of the marital home and distribution of pension benefits.
After careful consideration of the arguments and record, we affirm except in regard to the method utilized by the trial court to award the Lockheed retirement benefits to the former wife.
It is clear that the lower court followed the "deferred distribution" method[1] of calculating retirement benefits to be paid to the wife upon the husband's actual retirement. The former wife was to receive one-half of a fractional part, "whose numerator is 245 and whose denominator is 299, with the retirement benefit calculated as if the husband had retired on March 31, 1996." The court retained jurisdiction over the parties and the retirement benefits of the former husband until he actually retired and the benefit was established.
In Boyett v. Boyett, 683 So.2d 1140 (Fla. 5th DCA 1996), aff'd, 703 So.2d 451 (Fla.1997), the Florida Supreme Court made it clear that the valuation of pension benefits must be made excluding any penalty for early retirement. Thus, the former wife here must be compensated for any delay in receiving her share of the pension at the same rate that the former husband would be compensated by delaying retirement. The former wife could not, however, share in any increase in salary earned by the former husband after the dissolution. As an aside, we note that the former husband's retirement pension cannot be used as a source from which alimony is paid in addition to equitable distribution purposes. Bain v. Bain, 687 So.2d 79 (Fla. 5th DCA 1997).
Accordingly, the final judgment of dissolution is affirmed except for distribution of the Lockheed retirement pension which we reverse and remand to the lower court with instructions to follow Boyett.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ANTOON, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] See DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991).