PER CURIAM.
John David Hollinger (the “former husband”), appeals an order temporarily modifying his rehabilitative alimony obligation to appellee, Joan Baur (the “former wife”). We reverse in part and remand because the trial court erred in considering earnings from the equitably distributed portion of the former husband’s 401(K) in determining his ability to pay alimony.
The parties were married from 1983 to 1995. Upon dissolution, the trial court ascertained that a portion of the former husband’s 401(K) retirement plan was marital property, subject to equitable distribution, and that another, larger, portion was nonmarital property. The trial court equitably distributed the marital portion and ordered the former husband to pay rehabilitative alimony in the amount of $4,700 per month for four years, followed by $2,100 per month in permanent alimony.
Shortly thereafter, the former husband sought a reduction in his rehabilitative alimony obligation citing the loss of two primary sources of income. The trial court entered a temporary modification order concluding that the former husband would not be unemployed for long. In the meantime, the court determined that the forme1* husband was capable of paying $750.00 per month in rehabilitative alimony based, for the most part, on the $3,652.87 that his 401(K) account earns each month.
Citing the Florida Supreme Court’s decision in Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), the former husband contests the trial court’s consideration of his 401 (K) in determining his ability to pay alimony. In Diffenderfer, the Court expressly disapproved of the use of retirement benefits for alimony purposes where the same benefits were also subject to equitable distribution. Diffenderfer, 491 So.2d at 267. Here, however, only a portion of the former husband’s 401(K) account was equitably distributed; most of the account consisted of nonmarital assets that were retained by the former husband at dissolution. Thus, while the trial court properly considered the nonmarital portion of the former husband’s 401(K) in determining his ability to pay rehabilitative alimony, the court’s failure to subtract the marital portion from his total monthly earnings constituted error. See Diffenderfer, 491 So.2d at 267; Paris v. Paris, 707 So.2d 889 (Fla. 5th DCA 1998); Bain v. Bain, 687 So.2d 79 (Fla. 5th DCA 1997); Rogers v. Rogers, 622 So.2d 96 (Fla. 2d DCA 1993).
*955 Accordingly, we reverse in part and remand with directions to the trial court to recalculate the former husband’s ability to pay without considering the marital portion of his 401(K). See Diffenderfer, 491 So.2d at 267; Paris, 707 So.2d at 890; Bain, 687 So.2d at 81; Rogers, 622 So.2d at 98. In doing so, we also remind the trial court that it must account for any tax penalty that the husband will incur in making premature withdrawals on his 401(K). See Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990). In all other respects, the judgment below is affirmed.
Affirmed in part; reversed in part and remanded with instructions.