BLUE, Judge.
Suzanne A. Westberry appeals the final judgment dissolving her long-term marriage to Lawson L. Westberry, II. She presents several issues related to the alimony award and the denial of her motion for attorney’s fees. She contends that the trial court erroneously imposed rehabilitative alimony, thus resulting in an inadequate permanent alimony award; erroneously ordered an automatic termination of the permanent alimony award; and improperly denied her motion for attorney’s fees. We agree with Mrs. Westberry’s arguments and, accordingly, reverse and remand for further proceedings.
Concerning alimony, the final judgment provided that permanent, peri- *1088 odie alimony would terminate automatically when Mrs. Westberry becomes 62 years old. The termination provision was unsupported by any evidence at trial and therefore was erroneous. Without evidence that Mrs. Westberry’s ability to support herself would change at that time, the automatic termination of this alimony award was improper. See Rogers v. Rogers, 622 So.2d 96 (Fla. 2d DCA 1993). The trial court also erred by imposing rehabilitative alimony absent evidence of a rehabilitation plan. See Campbell v. Campbell, 685 So.2d 61 (Fla. 1st DCA 1996). We reject Mr. Westberry’s argument that the court was in effect imposing bridge-the-gap alimony pursuant to Borchard v. Borchard, 730 So.2d 748 (Fla. 2d DCA 1999). There is no finding nor record support that the trial court intended this alimony amount to “assist the transition of a spouse from marital status to single status.” 730 So.2d at 752. In light of these problems, we reverse the alimony award and remand to the trial court for further proceedings. Because the trial court improperly awarded rehabilitative alimony, Mrs. Westberry’s contention that the amount of the permanent alimony is inadequate appears to be Well taken. When reconsidering the alimony, the trial court should ensure that the total award is adequate. See § 61.08, Fla.Stat. (1997).
Finally, we reverse the denial of Mrs. Westberry’s motion for attorney’s fees and costs. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997). On remand, the trial court shall reconsider her motion in accordance with Rosen.
Judgment of dissolution of marriage affirmed in part, provisions addressing alimony reversed; denial of Mrs. Westber-ry’s motion for attorney’s fees reversed; remanded for further consideration.
THREADGILL, A.C.J., and ALTENBERND, J., concur.